[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 4, 1993 Date of Application Date Application Filed July 1, 1993 Date of Decision October 26, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, G.A. 16, Docket No. CR93-76788.
Martin Epstein, Assistant Public Defender, for Petitioner.
Christopher Morano, Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner seeks reduction of a four-year sentence imposed after entering a guilty plea to conspiracy to commit burglary in the third degree in violation of C.G.S. 53a-103 and53a-48. Petitioner admitted to police she drove her brother to and from some house burglaries in the Avon area. Both she and her brother are substance abusers and, although she may not have assisted him on all the burglaries he committed, he implicated her in at least some of them and stated that he had shared some of the proceeds with her.
The appeal turns primarily on the presentence report author's statement that the petitioner had no interest in another residential treatment program. In accepting this statement as CT Page 9465 being truthful, the sentencing court concluded that such a program would be inadvisable under the circumstances and sentenced the petitioner to four years to serve.
Stating that the petitioner admitted her involvement in the burglaries thus saving the state and the victims the necessity of a trial, the attorney for the petitioner makes the claim that the median sentence for an offense of this nature for a person of petitioner's background is 36 to 40 months. The sentence, he argues, should have been a split sentence with a period of probation and a mandate that she obtain substance abuse treatment and counseling.
On the other hand, the state points out the petitioner herself told the probation officer, "I don't like the way I feel straight."
At the time she was arrested petitioner was using five to ten bags of heroin a day intravenously. On an earlier occasion she was placed on intensive probation and was on that probation at the time of these offenses. The state concluded by saying incarceration seemed to be the only way of getting the petitioner to stop abusing drugs and engaging in criminal activities.
In her written statement to the division the petitioner complains she was not given proper consideration by the sentencing judge for her cooperation and that her near-maximum sentence was unfair.
There is no denying the fact that the petitioner was a heavy drug user who failed to acquire any long-term benefit from prior treatment programs. Her statement to the probation officer was accepted by the sentencing court as truthful, and as such, it bears significantly on the provisions of P.B. 942 which require a sentencing judge to consider, inter alia, the character of the offender and the deterrent, rehabilitative, isolative, and denunciatory purposes for which sentence is intended. It must be remembered that the petitioner was on probation and owed six years when these offenses were committed. Further, we note she was put to plea on only one incident though others were alleged and admitted.
We find that the sentence was not unfair or disproportionate and it is hereby affirmed. CT Page 9466
Stanley, J.
Purtill, J.
Klaczak, J.